IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER, TRAP AND TRACE DEVICES ON WHATSAPP ACCOUNT NUMBER +15203126421.<br><br>USAO NO.: 2021R02785 | No. 21-00294MB<br><br>ORDER<br><br>Under Seal<br>(Subject to LRCiv 79.1(d)) |

AUSA Corey J. Mantei, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on WhatsApp account +15203126421, subscribed to Chris Compton, 9861 E. Harmony Lane, Tucson, Arizona, 85748, and utilized by Chris Compton.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by Homeland Security Investigations (HSI), located in Nogales, Arizona, of unknown individuals in connection with possible violations of 18 U.S.C § 554 and 21 U.S.C. § 846.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that HSI may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from WhatsApp account +15203126421, including source and destination WhatsApp account(s), date, time, duration of the communication, and Internet Protocol address, including Internet Protocol

address associated with access to the target WhatsApp account +15203126421, without geographic limit:

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp, LLC and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that HSI reasonably compensate WhatsApp, LLC and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3124 (a) and (b), that HSI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to HSI for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp, LLC and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the resulting pen-trap devices, or this investigation, unless and until further order of the Court or until the matter is unsealed;

///

1  IT IS FURTHER ORDERED that the application, order and any related documents
2  filed in this case are sealed for 180 days from expiration pursuant to 18 U.S.C. § 3123(d)(1),
3  and subject to LRCiv 79.1(d).

Dated this  28th day of June, 2021.

_____
Eric J. Markovich
United States Magistrate Judge

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
COREY J. MANTEI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
corey.mantei@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER, TRAP AND TRACE DEVICES ON WHATSAPP ACCOUNT NUMBER +15203126421<br><br>USAO NO.: 2021R02785 | No. 21-00294MB<br><br>APPLICATION<br><br>Under Seal<br>(Subject to LRCiv 79.1(d)) |

   The United States of America, by its undersigned attorneys, hereby applies to the Court for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from WhatsApp account number +15203126421, subscribed to Chris Compton, 9861 E. Harmony Lane, Tucson, Arizona, 85748, and utilized by Chris Compton, serviced by WhatsApp, LLC. In support of this application, the United States asserts:

   1.  This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

   2.  Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the

investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is Homeland Security Investigations (HSI), located in Nogales, Arizona.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation being conducted by HSI-Nogales.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers

of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. WhatsApp is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to send to, or receive from, other users of the service calls and messages.

11. More specifically, the smartphone-based WhatsApp Messenger allows users to exchange, inter alia, text messages, audio messages, video messages, and files such as documents and photos with other WhatsApp users. Users can also engage in real-time voice and video calls and participate in group chats. The smartphone application can be paired with the browser-based WhatsApp Web service to achieve similar functionality from laptop and desktop computers. In order to send or receive messages via WhatsApp Messenger or WhatsApp Web, the relevant device must connect to the Internet.

12. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a smartphone or laptop) requests information from a second device (such as WhatsApp servers hosting data relating to the subscriber's WhatsApp account), the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the identity of the communicating device without revealing the communication's content.

13. Each WhatsApp account has a unique account identifier in the form of the telephone number of the mobile phone upon which the user has installed the WhatsApp Messenger application. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive; they are like the telephone numbers of incoming outgoing calls because they

indicate both origin and destination(s).  These telephone numbers/account identifiers can be recorded by a pen/trap device and can be used to identify parties to a communication without revealing the communication's content.

## THE RELEVANT FACTS

14. The United States government, including HSI-Nogales, is investigating a criminal organization engaged in international drug and weapons trafficking activities.  The investigation concerns possible violations by unknown individuals of, inter alia, 18 U.S.C § 554 and 21 U.S.C. § 846.

15. Upon analyzing telephone records and interviewing co-conspirators, agents discovered that phone number 520-312-6421, believed to be used by Chris Compton, has been in contact with other suspected drug and weapons smugglers.  In mid-May 2021, agents further learned that Compton uses WhatsApp to communicate with other members of the trafficking organization.

16. The conduct being investigated involves use of WhatsApp account +15203126421. To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that account.

## GOVERNMENT REQUESTS

17. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of the pen-trap devices sought by this application to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to WhatsApp account +15203126421, to include the source and destination WhatsApp account; the date, time, and duration of the communication; and IP address used in conjunction with the communication, including IP address associated with access to WhatsApp account +15203126421, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

18. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

19. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp, LLC and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by HSI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

20. The United States further requests that the Court order that HSI and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order. 18 U.S.C. §3124 (a) and (b).

21. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp, LLC and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, unless and until further order of the Court or until the matter is unsealed.

22. The United States further requests that this application, order and any related documents filed in this case be sealed for 180 days from expiration pursuant to 18 U.S.C. § 3123(d)(1), and subject to LRCiv 79.1(d).

///

23. The foregoing is based on information provided to me in my official capacity by agents of HSI-Nogales.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of June, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*Corey J. Mantei*
Digitally signed by COREY MANTEI
Date: 2021.06.28 12:29:53 -07'00'

Corey J. Mantei
Assistant United States Attorney